**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**BRICE JAMAR RHODES**                                                                                              **PLAINTIFF**

**v.**                                                                                  **CIVIL ACTION NO. 3:22-CV-P624-GNS**

**LOUISVILLE METRO GOVERNMENT** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action brought by Brice Jamar Rhodes. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

In the complaint, Plaintiff indicates that he is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues the Louisville Metro Government (LMG); Wellpath Healthcare (hereinafter "Wellpath"); LMDC Director Jerry Collins and LMDC official D. Puckett; and Judge Charles Cunningham. Plaintiff sues Defendants Collins, Puckett, and Judge Cunningham in their individual capacities only.

Plaintiff makes the following allegations:

I Brice Jamar Rhodes constitutional rights were violated by . . . LMDC Jail and its staff, Jerry Collins and D. Puckett . . . . By them holding me in a single cell for over six years, I have been write up clear since December 2021 as of September 29, 2022 I requested to be let out of single cell. Since I'm write up clear and have no shelf time. LMDC staff has denied me for no reason. I filed my inmate grievance form about the issue at hand and it was reviewed on October 14, 2022 . . . and I was still denied for no reason. So I then turned in an inmate grievance appeal form to [my] case worker on October 20, 2022 . . . . They responded by saying I have a high profile case and for my own safety but there are dorms for people with high profile cases, and I don't fear for my safety if I'm asking to go to GP Dorms those are flat excuses . . . .

Being kept in a single cell for well past 180 days. The Jail Director Jerry Collins won't allow me to receive books I don't go to gym, and D. Puckett won't allow my

fiancé to write me . . . . They are deliberately trying to inflict pain . . . . I can't call my family and lawyers on time or when I need to . . . .

Also Judge [] Cunningham stated on December 10, 2021, he was the reason I'm being held in a single cell for no reason other than his own evil motives . . . .

The mental health staff does not do anything for me which is Wellpath . . . .

Plaintiff additionally states that "Judge [] Cunningham will no longer be a judge in Jan 2023 so he is not immune from this civil action . . . ."

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare

assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

### A. Defendants LMG & Wellpath

A municipality such as Defendant LMG cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The same analysis that applies to § 1983 claims against a municipality, such as Defendant LMG, applies to § 1983 claims against a private entity contracted to provide medical services to inmates, such as Defendant Wellpath. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell*, 436 U.S. at 691).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of either Defendant LMG or Wellpath. Accordingly, Plaintiff's claims against these Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Judge Cunningham

As stated above, Plaintiff sues Defendant Judge Cunningham in his individual capacity based upon Judge Cunningham's alleged statement that he is the reason Plaintiff is in segregation at LMDC. Judges are entitled to absolute judicial immunity on claims for monetary damages against them in their personal capacities. *See Mireles v Waco*, 502 U.S. 9, 9-13, (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12.

Although Plaintiff argues that Defendant Judge Cunningham is not entitled to judicial immunity because he is no longer a state-court judge, the complaint intimates that he made the statement at issue to Plaintiff in 2021 while presiding over one of Plaintiff's state-court criminal actions.

Thus, the Court finds that neither exception to judicial immunity applies and will dismiss Plaintiff's individual-capacity claim against Defendant Judge Cunningham for failure to state a claim upon which relief may be granted.

### C. Defendants Collins and Puckett

Upon consideration, <u>the Court will allow Fourteenth Amendment claims to proceed against Defendants Collins and Puckett in their individual capacities</u>.[1] In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

---

[1] Although Plaintiff references the Eighth Amendment, the Eighth Amendment applies to convicted prisoners. It is the Fourteenth Amendment which provides similar protections to claims brought by pretrial detainees. *See, e.g.*, *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 945 (6th Cir. 2022).

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants LMG and Wellpath and his individual-capacity claim against Defendant Judge Cunningham are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claim remains against them, the **Clerk of Court** is **DIRECTED** to **terminate LMG, Wellpath, and Judge Cunningham as parties to this action.**

The Court will enter a separate Service and Scheduling Order to govern the Fourteenth Amendment claims it has allowed to proceed against Defendants Collins and Puckett.

Date: March 20, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
4416.011